1` UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FILED
FEB 24 2009
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

| | |
|---|---|
| Daniel A. Chappell, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 09 0361 |
| ) | |
| U.S. Parole Commission, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM OPINION

This matter is before the Court on its initial review of the petition for a writ of *habeas corpus* filed *pro se* and the accompanying application to proceed *in forma pauperis*. The Court is obligated either to issue the writ or to order the respondent to show cause why the writ should not issue "unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. The Court will grant the *in forma pauperis* application and dismiss the petition.

Petitioner is a District of Columbia prisoner who alleges that he was sentenced on December 13, 1994, to 15 years' imprisonment; he was released to parole "after serving approximately seven [] years." Pet.¶ 1. Petitioner alleges that when his parole was revoked on August 31, 2005, the United States Parole Commission "decided to change [his] original, court ordered full term date from March 7, 2009 to 2013[.]" *Id.* ¶ 3. He assigns error to the Commission's revocation of credit for time he spent on parole, claiming violations of the Constitution's *ex post facto* and due process clauses, its proscriptions against double jeopardy and cruel and unusual punishment, and District of Columbia regulations. Pet. at 2.

3

District of Columbia prisoners are entitled to *habeas corpus* relief under 28 U.S.C. § 2241 if they establish that their "custody is in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Petitioner attaches to the petition District of Columbia regulations governing "Institutional Good Time Credits", but those regulations do not apply to parole violators. Rather, District of Columbia law mandates that upon the revocation of parole "[t]he time a prisoner was on parole shall not be taken into account to diminish the time for which he was sentenced." D.C. Code § 24-406(a) (formerly § 24-206). *See United States Parole Commission v. Noble*, 693 A.2d 1084, 1094-1104 (D.C. 1997), *reinstated* 711 A.2d 85 (D.C. 1998) (en banc) (interpreting D.C. Code § 24-206(a) as requiring forfeiture of street-time credit on certification of question from the District of Columbia Circuit); *McKee v. U.S. Parole Com'n*, 214 Fed.Appx. 1, 2 (D.C. Cir. 2006) ("*Noble* provided an authoritative statement of the meaning of D.C. Code § 24-206(a) (1981) that was consistent with the statutory language.").

District of Columbia prisoners do not have a constitutionally protected liberty interest in being released to parole and therefore have no protections under the due process clause with respect to parole determinations or procedures. *See Ellis v. District of Columbia*, 84 F.3d, 1414, 1415-20 (D.C. Cir. 1996) (neither the Constitution nor the District of Columbia regulations create a liberty interest in parole); accord *Blair-Bey v. Quick*, 151 F.3d 1036, 1047 (D.C. Cir. 1998); *Brandon v. D.C. Board of Parole*, 823 F.2d 644, 648 (D.C. Cir. 1987). Moreover, "there is no *ex post facto* violation when appellant's sentence was recalculated to exclude any credit previously given for street time," *Jones v. Bureau of Prisons*, 2002 WL 31189792, *1 (D.C. Cir., Oct. 2, 2002) (citing *Davis v. Moore*, 772 A.2d 204, 214-15 (D.C.2001) (en banc)), nor is there an Eighth Amendment violation because the original sentence has not been extended "beyond [] expiration." *Campbell v. U.S. Parole Com'n*, 563 F. Supp.2d 23, 26 (D.D.C. 2008). Finally, the

2

double jeopardy clause is not applicable to parole decisions because such decisions "are not new prosecutions, but rather, [] are continuations of the original prosecutions that resulted in parole." *Id.* at 27 (citing *United States v. DiFranceso*, 449 U.S. 117, 137 (1980); *Maddox v. Elzie,* 238 F.3d 437, 447 (D.C. Cir. 2001)).

For the foregoing reasons, the *habeas corpus* petition is denied. A separate Order of dismissal accompanies this Memorandum Opinion.

Ellen S Huck
United States District Judge

Date: February 6, 2009